SENTENCIA
Nos corresponde resolver si erraron tanto el Tribunal de Apelaciones como el Tribunal de Primera Instancia al efec-tuar el cálculo de lo que le correspondía a la Sra. Ana Margarita Cintrón Pou, por su participación en la comunidad de bienes que tenía constituida con el Estado Libre Aso-ciado (E.L.A.). Por entender que se cometió el error seña-lado, revocamos el dictamen recurrido.
Entendemos que —como cuestión de derecho— el cré-dito que le corresponde a la señora Cintrón Pou debe ser deducido de la cantidad del caudal hereditario correspon-diente al E.L.A. y no del total del producto de la venta del inmueble que las partes poseían en común pro indiviso. Además, resolvemos que el crédito de $2,022.12, que queda al descubierto a favor de la señora Cintrón Pou, no debe ser pagado por el E.L.A., ya que entendemos que el Estado hereda a beneficio de inventario y sólo debe responder hasta donde alcancen los bienes del caudal.
I
La Sra. Ana Margarita Cintrón Pou adquirió un bien inmueble en común pro indiviso con la Sra. María Petro-nila Estrella. Al fallecer intestada la señora Estrella, y sin que le sobreviviera pariente alguno, el E.L.A. fue declarado *160 heredero universal, por lo que advino heredero de la cau-sante en la comunidad. No obstante, luego del falleci-miento de la señora Estrella, la señora Cintrón Pou conti-nuó pagando las mensualidades de una hipoteca que gravaba el bien inmueble. Estos pagos ascendieron a $25,403.21. La señora Cintrón Pou también pagó la canti-dad de $476.26 al CRIM, correspondiente a la contribución municipal sobre la propiedad inmueble.
Por acuerdo de las partes, la propiedad fue vendida por la suma de $85,000 y, luego de saldar la hipoteca, quedó un sobrante y un remanente que totalizan $17,097.23, los cua-les se consignaron en el tribunal. El otro bien que pertene-cía al caudal hereditario era una cuenta de banco, cuyo balance al momento de la muerte de la causante era de $2,369.
El tribunal de instancia determinó que la señora Cin-trón Pou pagó, en concepto de hipoteca, la cantidad de $25,879.47. De igual forma, determinó que este pago era responsabilidad de la señora Cintrón Pou y del E.L.A., en partes iguales, por lo que Cintrón Pou tenía un crédito de $12,939.73. No obstante, al hacer su cálculo matemático para liquidar la comunidad, el foro primario descontó el crédito de la señora Cintrón Pou ($12,939.73) de la totali-dad del sobrante de la venta del inmueble ($17,097.23). El producto de este cómputo ($4,157.75) fue dividido en par-tes iguales.
Como resultado, el tribunal de instancia concluyó que, por su participación en la comunidad, la señora Cintrón Pou tenía el derecho a recibir $15,018.48 y al E.L.A. le correspondía la suma de $2,078.75. En cuanto a la cuenta bancaria, determinó que ésta no formaba parte de la comu-nidad de bienes, por lo que correspondía en su totalidad al Estado. El foro apelativo confirmó la sentencia emitida por el Tribunal de Primera Instancia.
Inconforme con esta determinación, recurre ante nos la señora Cintrón Pou. En su comparecencia, alega que erró *161 el Tribunal de Apelaciones al deducir su crédito del total del sobrante del producto de la venta del inmueble tenido en común pro indiviso, en lugar de dividir este sobrante en partes iguales (según la participación de cada comunero) y luego deducir el crédito de la señora Cintrón Pou de la parte correspondiente al E.L.A. como heredero de la señora Estrella.
II
El Código Civil de Puerto Rico dispone que existe una comunidad de bienes cuando la propiedad de una cosa o de un derecho pertenece pro indiviso a varias personas. 31 L.P.R.A. see. 1271. En cuanto al concurso de los participan-tes, el Código establece que tanto los beneficios como las cargas serán proporcionales a sus respectivas cuotas. Ade-más, las porciones correspondientes a los comuneros se presumirán iguales, mientras no se pruebe lo contrario. 31 L.P.R.A. see. 1272.
Por otra parte, todo comunero tendrá el derecho a obli-gar a los demás participantes a contribuir a los gastos de conservación de la cosa o del derecho en común. 31 L.P.R.A. see. 1274. No obstante, ningún copropietario está obligado a permanecer en la comunidad. Cada uno de ellos podrá pedir en cualquier momento que se divida la cosa común. 31 L.P.R.A. see. 1279. Serán aplicables a la división de la comunidad, las reglas relativas a la división de la herencia. 31 L.P.R.A. see. 1285.
Conforme a las normas citadas del Código Civil, del so-brante de la venta del bien sujeto al régimen de la comu-nidad de bienes ($17,097.23) le corresponde a la señora Cintrón Pou un 50%. Es decir, de los $17,097.23, le corres-ponden $8,548.61, y los restantes $8,548.61 forman parte del caudal relicto de doña María Petronila Estrella. Dicha cantidad, sumada a los $2,369 correspondientes a los fon- *162 dos depositados en una cuenta bancaria a la muerte de ésta, totalizan $10,917.61. No estando en controversia el hecho de que la señora Cintrón Pou tiene un crédito por $12,939.73, correspondiente a lo pagado por ella para amortizar la hipoteca que gravaba la propiedad, ésta toda-vía tendría a su favor un crédito de $2,022.12.
Entendemos que dicho crédito no debe ser pagado por el E.L.A., porque el Estado hereda a beneficio de inventario y sólo debe responder hasta donde alcancen los bienes del caudal. Veamos.
III
Si bien nuestro Código Civil guarda total silencio sobre esta materia, siguiendo las claras disposiciones del Código Civil español, la doctrina puertorriqueña sostiene que, por no poder repudiar la herencia que recibe en su condición de servidor de la comunidad, el E.L.A. hereda a beneficio de inventario. Véase E. González Tejera, Derecho Sucesorio Puertorriqueño, San Juan, Ed. U.P.R., 2005, Vol. 1, pág. 78. Coincidimos con ese criterio.
Según el profesor González Tejera, el beneficio de inven-tario a favor del Estado está implícito en la naturaleza misma del llamamiento. González Tejera, op. cit. Debemos recordar que, por mandato de ley, el Estado sólo entra en escena para heredar, cuando los bienes quedan vacantes por la ausencia de herederos forzosos o voluntarios. Por ello estamos de acuerdo con este autor, quien afirma en su obra que en un supuesto análogo al caso de autos, en donde cuando se plantea la responsabilidad del Estado por las deudas del causante en exceso del valor del caudal relicto, no debe imponerse una responsabilidad ultra vires al Gobierno. González Tejera, op. cit., pág. 79. Esto es, el Es-tado no debe —a cargo de la comunidad— responder por deudas que el causante no hubiese podido satisfacer.
*163 En vista de todo lo anterior, concluimos que el E.L.A. no debe responder por el balance no satisfecho de $2,022.12 en favor de la señora Cintrón Pou.
IV
Por los fundamentos que anteceden, se revoca la senten-cia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos conforme a lo aquí resuelto.
Así lo pronunció, manda el Tribunal y certifica la Secre-taria del Tribunal Supremo. El Juez Asociado Señor Rivera Pérez disintió con una opinión escrita. La Jueza Rodríguez Rodríguez no intervino.
(.Fdo.) Aida I. Oquendo Graulau

Secretaria del Tribunal Supremo